# NO. 12-07-00138-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LARRY DALE STARKEY,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Larry Dale Starkey appeals his conviction for felony driving while intoxicated, for which he was sentenced to imprisonment for sixty years. In one issue, Appellant contends that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant was charged by indictment with felony driving while intoxicated.[1] Due to Appellant's prior convictions for driving while intoxicated, Appellant's punishment was enhanced to a first degree felony. Appellant pleaded "not guilty," and the matter proceeded to a jury trial. Following the presentation of evidence, the jury found Appellant "guilty" as charged.

A jury trial on punishment was subsequently conducted. At the conclusion of the trial on punishment, the jury assessed Appellant's punishment at imprisonment for sixty years. The trial court sentenced Appellant accordingly, and this appeal followed.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that he received ineffective assistance of counsel.

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04(a), 49.09 (Vernon 2003 & Supp. 2008).

Specifically, Appellant contends that his trial counsel was ineffective in that he (1) failed to seek a continuance when the case was called to trial, (2) failed to object to testimony concerning the "intoxilyzer results," and (3) failed to object to certain charge instructions.

The proper standard by which to gauge the adequacy of representation by counsel is articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 674 (1984). *See also Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). The test set forth in *Strickland* requires a two step analysis:

1.  Did the attorney's performance fail to constitute "reasonably effective assistance," i.e., did the defense attorney's representation fall below an objective standard of reasonableness under prevailing professional norms?

2.  If so, was there a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings could have been different?

*See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

A "reasonable probability" was defined by the Supreme Court as a "probability sufficient to undermine confidence in the outcome." *Id.* Counsel is strongly presumed to have rendered adequate assistance and to have made all significant decisions in the exercise of reasonable professional judgment. *See Hernandez*, 726 S.W.2d at 55. The burden is on the appellant to overcome that presumption. *See Burruss v. State*, 20 S.W.3d 179, 186 (Tex. App.–Texarkana 2000, pet. ref'd). The appellant must show specific acts or omissions that constitute ineffective assistance and affirmatively prove that those acts fall below the professional norm for reasonableness. *Id.*

After proving error, the appellant must affirmatively prove prejudice. *Id.* The appellant must prove that his attorney's errors, judged by the totality of the representation and not by isolated instances of error, denied him a fair trial. *Id.* It is not enough for the appellant to show that the errors had some conceivable effect on the outcome of the proceedings. *Id.* He must show that there is a reasonable probability that, but for his attorney's errors, the jury would have had a reasonable doubt about his guilt. *Id.*

In the case at hand, Appellant notes several instances where his trial counsel's actions allegedly fell below the professional norm. However, even assuming arguendo that the actions of Appellant's trial counsel, as noted in Appellant's brief, satisfied the first prong of the *Strickland* test,

Appellant must still affirmatively prove prejudice. *See Burruss*, 20 S.W.3d at 186. It is not enough for Appellant to globally assert that the errors had some conceivable effect on the outcome of the proceedings. *Id.*

Despite repeated readings of Appellant's brief, we can uncover no argument adequately addressing the second prong of the *Strickland* test. Rather, Appellant makes only a passing reference to the issue, stating, "Failure to Appellant's trial counsel [sic] prejudiced the Appellant's defense[ ]" and "[t]he erroneous charged [sic] caused Appellant harm[.]"

We iterate that the burden of proof as to this issue rests squarely upon Appellant. *See Burruss*, 20 S.W.3d at 186. As such, we will neither surmise nor devise our own conclusions absent some cogent argument on Appellant's behalf that but for his counsel's alleged unprofessional errors, there exists a reasonable probability that the result of the proceedings would have been different. We hold that Appellant has failed to meet his burden under *Strickland*. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

                                                    **JAMES T. WORTHEN**
                                                    Chief Justice


Opinion delivered September 24, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)